1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10   ESSIE L. SAINTS,                    )   Civil No. 05CV0806 JAH (RBB)
                                         )
11                    Plaintiff,         )   **ORDER GRANTING**
     v.                                  )   **DEFENDANT'S MOTION TO**
12                                       )   **DISMISS**
     DONALD C. WINTER, SECRETARY         )
13   OF THE NAVY,                        )   **[Doc. No. 30]**
                                         )
14                    Defendant.         )
                                         )
15   ──────────────────────────         )

16                      **INTRODUCTION**

17          On August 13, 2007, Defendant Donald C. Winter's ("Defendant") motion to dismiss

18   second amended complaint or in the alternative for summary judgment, came on regularly for

19   oral argument.  Dennis M. Grady, appeared for Essie L. Saints ("Plaintiff"), along with Cindy

20   Cipriani on behalf of Defendant.  This Court, after hearing the oral argument of counsel,

21   ordered that the parties provide supplemental briefing, which was filed on August 20, 2007 by

22   Plaintiff and August 24, 2007 by Defendant.  After careful consideration of the pleadings and

23   relevant exhibits, this Court GRANTS Defendant's motion to dismiss second amended

24   complaint.

25                      **BACKGROUND**

26          Plaintiff, appearing pro se, filed this action on April 15, 2005, under Title VII of the Civil

27   Rights Act of 1964, 42 U.S.C. § 1981, and breach of contract common law claims.  Plaintiff

28   alleged racial discrimination and EEO retaliation, as well as breach of a previous settlement

agreement.  Cplt. at 2.

On February 7, 2006, this Court issued an order to show cause for dismissal under Civ.LR 41.1.  Doc. No. 4.  No action had taken place since Plaintiff's filing of a return of service of summons on June 17, 2005.  Doc. No. 3.  Plaintiff personally appeared at the hearing, and explained why she had not proceeded further on her case.  This Court, after hearing Plaintiff's arguments, found good cause, and allowed Plaintiff an extension of time to determine how to properly proceed further in the case.  Doc. No. 5.

On May 9, 2006, Plaintiff requested entry of default in the matter.  The Clerk of Court denied Plaintiff's request, finding service of the summons and complaint improper.  Doc. No. 7.  On September 11, 2006, Plaintiff renewed her request for entry of default in the matter.  Doc. No. 13.  The Clerk of Court again denied Plaintiff's request, citing that the summons and complaint continued to be improperly served.  Doc. No. 13.  On September 12, 2006, Donald C. Winter, substituting for Defendant Gordon England, filed a "Notice to the Court Regarding Plaintiff's Failure to Accomplish Proper Service on Defendant."  Doc. No. 12.  In the notice, Defendant asked this Court to dismiss the action for failure to prosecute.  Id. at 3.  This Court denied Defendant's request, and allowed Plaintiff an additional extension to properly serve her complaint.  Doc. No. 15.

On September 28, 2006, Plaintiff filed a first amended complaint, naming Donald C. Winter as defendant.  Doc. No. 16.  Plaintiff subsequently personally served the United States Attorney, the Attorney General, as well as the Secretary of the Navy, and filed affidavits of service on October 12, 2006.  Doc. Nos. 18-20.  This Court vacated its order to show cause hearing on October 20, 2006.  Doc. No. 21.

On December 4, 2006, Defendant filed a motion to dismiss the first amended complaint.  Doc. No. 22.  Plaintiff did not file a response to Defendant's motion.  A hearing on Defendant's motion to dismiss took place on February 1, 2007.  Doc. No. 23.  At the hearing, the Court granted Defendant's motion to dismiss for lack of jurisdiction over Plaintiff's appeal to the MSPB ruling and Plaintiff's 42 U.S.C. § 1981 claim.  The Court also found that, as a matter of law, the Court could not grant Defendant's motion to dismiss Plaintiff's breach of contract

1    claim because the record was not complete as to the settlement agreement at issue.  Finally, the

2    Court ordered Defendant to provide supplemental briefing to this Court regarding the issue of

3    equitable tolling as to Plaintiff's Title VII claims.

4         On February 16, 2007, Defendant provided this Court with a supplemental brief on the

5    equitable tolling issue, as well as a complete copy of the settlement agreement.  Doc. No. 2;

6    Exhibit I to Defendant's original Motion to Dismiss.  Plaintiff filed an opposition on March 2,

7    2007.  Doc. No. 25.  Defendant filed a reply on March 7, 2007.  Doc. No. 26.  This Court

8    entertained oral argument on March 15, 2007, on the supplemental brief issues only.  Doc. No.

9    27.

10        On March 23, 207, this Court entered order granting Defendant's Motion to Dismiss.

11   Doc. No. 28.  The Court dismissed Plaintiff's 42 U.S.C. § 1981, appeal of the MSPB ruling,

12   and Title VII claims with prejudice.  This Court dismissed Plaintiff's breach of claim without

13   prejudice, granting Plaintiff leave to amend her breach of contract claim only.  Plaintiff's request

14   for attorney fees was denied.  The Court held that if Plaintiff's amended complaint fails to

15   establish jurisdiction for this Court, it will be dismissed with prejudice and without any further

16   leave to amend.

17        Plaintiff filed a second amended complaint ("SAC") for 1) breach of contract; 2) specific

18   performance; 3) reinstatement of 00cv2210 IEG (AJB).  Case number 00cv2210  IEG (AJB)

19   was previously filed by Plaintiff, settled pursuant to a settlement agreement signed by Plaintiff

20   on April 13, 2001, and dismissed with prejudice on April 20, 2001.   This Court will not

21   entertain Plaintiff's Title VII claim as it was dismissed with prejudice on March 23, 2007.  Doc.

22   No. 28.

23                              **DISCUSSION**

24   **I.**   **Legal Standard**

25        **A.**   **Fed. R. Civ. P. 12(b)(1)**

26        "A motion to dismiss for lack of subject matter jurisdiction may either attack the

27   allegations of the complaint or may be made as a 'speaking motion' attacking the existence of

28   subject matter jurisdiction in fact."  Thornhill Publishing Co. v. General Tel & Elect., 594 F.2d

730, 733 (9th Cir. 1979); *see also* Fed. R. Civ. P. 12(b)(1).

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). Thus, the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id.

Defendants bring this motion as a "speaking motion" presenting a factual challenge to subject matter jurisdiction. Therefore, this Court may consider extrinsic evidence on whether jurisdiction exists and may resolve factual disputes if necessary. Thornhill, 594 F.2d at 733. Because plaintiff bears the burden of establishing subject matter jurisdiction, no presumption of truthfulness attaches to the allegations of plaintiff's complaint and the Court must presume it lacks jurisdiction until plaintiff establishes jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

**B.     Motion to Dismiss - 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual

05cv0806

allegations. <u>Roberts</u>, 812 F.2d at 1177; <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 705-06 (9th Cir. 1998) (overruled on other grounds); <u>Branch v. Tunnell</u>, 14 F.3d 449, 453-54 (9th Cir. 1994) (overruled on other grounds); <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986).

## II.   **Analysis**

Defendant argues that 1) this Court lacks jurisdiction of Plaintiff's breach of contract claim, derivative specific performance and reinstatement of prior action claims because the promises alleged by Plaintiff are not contained in the settlement agreement, 2) the second amended complaint fails to state a claim upon which relief may be granted, and 3) summary judgment is proper because Plaintiff cannot prove the essential elements of a breach of contract claim. However, it is not necessary for this Court to rule on the third contention because of the Court's dismissal on grounds 1 and 2 above.

### A.   **Written Settlement Agreement is Crucial to the Breach of Contract Claim**

Defendant argues that Plaintiff's breach of contract claim fails as a matter of law, and should be dismissed. Defendant states that the unambiguous terms of the settlement agreement do not support Plaintiff's claims, and therefore, extrinsic evidence cannot be considered. Defendant further states that even if extrinsic evidence was considered, Plaintiff's claim regarding any agreement outside the four corners of the settlement agreement is not binding on the Defendant. Plaintiff once again alleges in the SAC that she was to remain a Program Analyst for the remainder of her career under the supervision of Craig Horton, "absent her non-performance of the duties of that position" and regardless of the agency's organizational needs. SAC at 5-6.

In the order granting Defendant's motion to dismiss entered on March 23, 2007 (Doc No. 28), this Court found that the settlement agreement which was attached to Defendant's pleadings (Doc. No. 24) can be considered within a 12(b)(6) motion because the first amended

complaint refers to the document, the document is central to Plaintiff's claim and no party questioned the authenticity of the settlement agreement. <u>Branch</u>, 14 F.3d at 454. The SAC likewise refers to the settlement agreement. The agreement is crucial to Plaintiff's claim, and neither party raises any issue relating to its authenticity. Accordingly, the Court will consider the settlement in view of Plaintiff's breach of contract claims in the SAC.

Plaintiff makes the same allegations in the SAC as she did in the first amended complaint with respect to certain oral representations Plaintiff claims were included in the settlement agreement. **See** Doc. No. 29, at 12, 18 and Declaration to Plaintiff's Supplemental Opposition. As this Court previously ruled, the settlement agreement does not support Plaintiff's breach of contract claims. A thorough review of the agreement reveals no reference to the re-assigning of Plaintiff or to the supervision of Mr. Horton, or granting her permanent employment. As such, this Court finds that Plaintiff's breach of contract claims are not supported by the four corners of the settlement agreement.

**B.     Settlement Agreement is Clear and Unambiguous and Extrinsic Evidence Cannot be Considered**

The interpretation of contracts where the government is a party is governed by Federal law. <u>O'Neill v. U.S.</u>, 50 F.3d 677, 682 (9th Cir. 1995), citing <u>Kennewick Irr. Dist. v. U.S.</u>, 880 F.2d 1018, 1032 (9th Cir. 1989). Whether terms outside the written agreement should be included in the contract is a question of law. <u>Greco v. Department of the Army</u>, 852 F.2d 558, 560 (Fed. Cir. 1988). Whether the contract is clear and unambiguous is also a question of law. <u>U.S. v. Sacramento Municipal Utility Dist</u>., 652 F.2d 1341, 1344-45 (9th Cir. 1981). In determining whether a contract is ambiguous, this Court looks to the terms of the agreement itself. <u>Greco</u>, 852 F.2d at 560. Extrinsic evidence can be considered only if there is an ambiguity in the contract. <u>Greco</u>, 852 F.2d at 560.

The settlement agreement and release of claims executed by the parties (Ex. I to Defendant's original motion) is clear and ambiguous. Therefore, extrinsic evidence cannot be

05cv0806

1    considered.[1]

2    **C.    Court Does Not Have Jurisdiction Under the Tucker Act**

3    Plaintiff claims this court has jurisdiction under the Tucker Act, 28 U.S.C. §1491.  The

4    Secretary of the Navy is not a proper defendant under the Tucker Act, or even the Little Tucker

5    Act, 28 U.S.C. §1346(a)(2), which give the district courts original jurisdiction concurrent with

6    the United States Court of Federal Claims to render judgments against the United States

7    founded either upon the Constitution or any Act of Congress or any regulation of an executive

8    department.  Suits under the Tucker Act are permitted only against the United States, not its

9    agencies.  See U.S.C. §§ 1346 (a)(2) and 1491(a)(1); Finley v. United States, 490 U.S. 545,

10   552-53 (1989).  The Court therefore finds that Plaintiff's Tucker Act claim is not viable.

11   **D.    Court's Jurisdiction is Limited to Enforcement of Settlement Agreement**

12   At best, the only basis supporting this Court's jurisdiction as asserted in Plaintiff's SAC

13   is the stipulation for dismissal with prejudice and order thereon entered in case no 00cv2210

14   on April 20, 2001.  SAC ¶1.  The order entered in that case states in relevant part:

15           Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that

16           the magistrate of the District Court shall maintain jurisdiction to enforce the

17           terms of this compromise settlement.

18   The jurisdiction contemplated by the parties extends only to the enforcement of the terms

19   contained in the written settlement agreement and release of claims attached to Doc. No. 24.

20   Accordingly, this Court's continuing jurisdiction extended only to the enforcement of the terms

21   included in the settlement agreement and release of claims and does not  extend to alleged oral

22   promises outside the settlement agreement.

23

24

25

---

26    [1]  The Court notes that the Plaintiff's Exhibit B dated March 1, 2001, supports the Defendant's
position that two promises were made, which are contained in the settlement agreement.  First, payment

27   of $12,000 and second, cooperation with Plaintiff's workers compensation.  There is no claim by
Plaintiff that Defendant breached these terms.  Exhibit A is a letter dated a month prior, February 2,
2001, signed by an unidentified person which contains an offer to transfer Plaintiff to a GS9 program

28   analyst position under Craig Horton.  There are no further statements regarding permanancy or any other
consideration.  It is undisputed that this transfer occurred.

05cv0806

1

## CONCLUSION AND ORDER

2

3        For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to

4   dismiss is **GRANTED with prejudice** as to Plaintiff's breach of contract claim and the second

5   amended complaint is **DISMISSED**.

6

7   DATED:  August 29, 2007

8        _____

9        HON. JOHN A. HOUSTON
         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv0806